# 98 DTA 173

## TRIBUNAL CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV, DE CAGUAS, HUMACAO, GUAYAMA

ANTONIO REYES VAZQUEZ
Apelante

v.

JULIA CINTRON CINTRON
Apelada

Núm. KLAN-97-01262

San Juan, Puerto Rico, a 22 de abril de 1998

Panel integrado por su Presidente, Juez Ortiz Carrión
y los Jueces González Rivera y Hernández Torres

Hernández Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece Antonio Reyes Vázquez (Sr. Reyes) y solicita a este Tribunal que revoque la Sentencia dictada por el Tribunal de Primera Instancia, Sala de Distrito, de Caguas, el 29 de agosto de 1997, notificada el 22 de octubre de ese mismo año, mediante la cual se desestimó la demanda en la cual éste solicitaba el reconocimiento de una participación indivisa de $43,000 en un inmueble propiedad de la demandada Julia Cintrón Cintrón (Sra. Cintrón) y que se ordenara la venta en pública subasta de dicho inmueble para que se le pagase dicha participación.

Aduce como error del Tribunal haber aplicado la doctrina de cosa juzgada y desestimar la demanda. Veamos los hechos que dan lugar a dicha reclamación.

### I

El vínculo matrimonial que unía al Sr. Reyes y a la Sra. Cintrón fue declarado roto mediante sentencia dictada por el Tribunal de Primera Instancia, Sala de Distrito, de Cayey, el 27 de febrero de 1996 por la causal de consentimiento mutuo. Quedó estipulado por ambas partes que durante el matrimonio no se habían adquirido bienes gananciales, no se hizo mención alguna de deudas o créditos a favor de ninguno de los cónyuges ni del inmueble en cuestión.

El 10 de enero de 1997, Reyes instó demanda en el Tribunal de Primera Instancia, Sala Superior de Caguas, alegando un interés propietario sobre una casa sita en el Barrio Honduras de Cidra, propiedad de Cintrón, por éste haberle prestado $43,000 a esta última para que saldara una hipoteca que pesaba sobre dicha propiedad. Alegadamente, Cintrón le había prometido devolverle el dinero luego de vender el inmueble, promesa que nunca cumplió.

El 6 de junio de 1997, Cintrón contesta la demanda y negó haber recibido cantidad alguna por parte del demandante para el pago de la mencionada hipoteca. Alegó que tal gravamen no existía y que la causa de acción estaba prescrita ya que en la petición de divorcio presentada ante el Tribunal, ambas partes estipularon que no se había adquirido ningún bien ganancial y no se estableció en dicha estipulación que Cintrón hubiese constituido obligación económica de clase alguna con Reyes.

Luego de examinadas las alegaciones de ambas partes, el Tribunal apelado desestimó la demanda de Reyes por éste estar impedido de litigar esta cuestión bajo la doctrina de cosa juzgada. Inconforme, acude Reyes ante este Tribunal para que revisemos dicha sentencia.

Pasemos a analizar el estado de derecho vigente, en lo relativo a la situación planteada.

### II

El divorcio por consentimiento mutuo, introducido en nuestro ordenamiento por vía jurisprudencial, a través del caso *Figueroa Ferrer v. E.L.A.*, 107 D.P.R. 276, 1978, trae como requisito la

presentación conjunta de la petición de divorcio y las estipulaciones correspondientes a la división de bienes. Esto, en aras de evitar que las partes hayan llegado a la decisión de disolver el vínculo matrimonial de una forma ligera o apresurada sin haber tenido la oportunidad de ponderar y evaluar todas las consecuencias de índole emocional y económica que trae como consecuencia la separación definitiva. Una de esas consecuencias es la división de los bienes y la creación a tales efectos de una comunidad de bienes. Es en el momento de la liquidación de dicha comunidad que procede la acreditación a favor de aquel cónyuge que hubiere hecho aportaciones privativas a favor de bienes privativos del otro cónyuge.

Una vez dictada la sentencia de divorcio, todo lo que se haya estipulado por las partes constituye parte de dicha sentencia, por lo que lo referente a la liquidación de bienes constituirá cosa juzgada de acuerdo a la doctrina de *"res judicata"* que se aplica cuando entre el caso resuelto por la sentencia en cuestión y el posterior en el cual se invoque dicha doctrina, exista la más perfecta indentidad entre las materias, las causas, las personas de los litigantes y la calidad con que lo fueron. *Lausell Marxuach v. Díaz de Yáñez,* 103 D.P.R. 533, 1975.

Aclara el Tribunal Supremo, en ese mismo caso, que el hecho de que la cuestión en controversia fue objeto de estipulación y no de litigio contencioso como tal, no tendrá relevancia al momento de aplicar la doctrina de cosa juzgada ya que ésta procede indistintamente en ambas situaciones.

Al analizar las alegaciones del apelante a la luz del estado de derecho vigente y los hechos ante nos, este Tribunal llega a las siguientes conclusiones:

### III
El apelante tuvo la oportunidad de haber presentado cualquier alegación referente a créditos o deudas de la sociedad legal de gananciales a su favor, al momento de presentar las estipulaciones en la petición de divorcio. Al no hacerlo quedó estipulado que no existían, por lo que sus alegaciones resultan tardías y fuera de la jurisdicción de los tribunales por resultar sus planteamientos materia de un caso ya resuelto. Una vez una sentencia de divorcio adviene final y firme, lo estipulado en la petición de divorcio resulta cosa juzgada para los efectos de cualquier pleito posterior.

Determina este Tribunal que el Foro de Primera Instancia actuó conforme a derecho al desestimar el pleito por los fundamentos esbozados en la sentencia apelada.

Por los fundamentos expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General